**FILED**
CLERK, U.S. DISTRICT COURT
3/10/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_VAM\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No.  2:22-cr-00079-MCS |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1955: Operating an Illegal Gambling Business; 18 U.S.C. § 1955(d), 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| HOWARD MILLER, | |
| Defendant. | |

The United States Attorney charges:

[18 U.S.C. § 1955; 18 U.S.C. § 2(a)]

Beginning on an unknown date and continuing through on or about February 7, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant HOWARD MILLER aided, abetted, counseled, commanded, induced, and procured another person in the operation of an illegal gambling business, specifically, a bookmaking business involving taking bets on the outcomes of sporting events at agreed-upon odds in violation of California Penal Code Section 337a, which business involved at least five persons who conducted, financed, managed, supervised, directed, and owned all or part of the

business; had been in substantially continuous operation by at least five persons for a period in excess of thirty days; and had gross revenue of more than $2,000 in a single day.

FORFEITURE ALLEGATION

[18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 1955(d) and Title 28, United States Code, Section 2461(c), in the event of defendant HOWARD MILLER's conviction of the offense set forth in this Information.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)   Any property, including money, used in such offense, and any property traceable to such property; and

   (b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

//
//
//

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

TRACY L. WILKISON
United States Attorney

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

ALEXANDER B. SCHWAB
Assistant United States Attorney
Deputy Chief, Major Frauds Section

JEFF MITCHELL
Assistant United States Attorney
Major Frauds Section

DAN G. BOYLE
Assistant United States Attorney
Asset Forfeiture Section

4