FILED
CLERK, U.S. DISTRICT COURT

3/10/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ___VAM___ DEPUTY

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0698/2426
     Facsimile: (213) 894-3713
     E-mail:   jeff.mitchell@usdoj.gov
               daniel.boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR  2:22-cr-00079-MCS |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT HOWARD MILLER |
| v. | |
| HOWARD MILLER, | |
| Defendant. | |

     1.   This constitutes the plea agreement between HOWARD MILLER ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

1        a.   Give up the right to indictment by a grand jury and,
2 at the earliest opportunity requested by the USAO and provided by the
3 Court, appear and plead guilty to a single-count information in the
4 form attached to this agreement as Exhibit A or a substantially
5 similar form, which charges defendant with the Operation of an
6 Illegal Gambling Business, in violation of 18 U.S.C. §§ 1955 and
7 2(a).

8        b.   Not contest facts agreed to in this agreement.

9        c.   Abide by all agreements regarding sentencing contained
10 in this agreement.

11        d.   Appear for all court appearances, surrender as ordered
12 for service of sentence, obey all conditions of any bond, and obey
13 any other ongoing court order in this matter.

14        e.   Not commit any crime; however, offenses that would be
15 excluded for sentencing purposes under United States Sentencing
16 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
17 within the scope of this agreement.

18        f.   Be truthful at all times with the United States
19 Probation and Pretrial Services Office and the Court.

20        g.   Pay the applicable special assessment at or before the
21 time of sentencing unless defendant has demonstrated a lack of
22 ability to pay such assessments.

23    3.   Defendant further agrees:

24        a.   To forfeit all right, title, and interest in and to
25 any and all monies, properties, and/or assets of any kind, derived
26 from or acquired as a result of the illegal activity to which
27 defendant is pleading guilty, specifically including, but not limited
28 to, the following: $34,400.00 in United States currency seized from

defendant's residence on or about February 7, 2020 (collectively, the "Forfeitable Assets").

b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.    Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.    To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.    To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

1            i.    That forfeiture of Forfeitable Assets shall not be

2  counted toward satisfaction of any special assessment, fine,

3  restitution, costs, or other penalty the Court may impose.

4                        THE USAO'S OBLIGATIONS

5       4.   The USAO agrees to:

6            a.    Not contest facts agreed to in this agreement.

7            b.    Abide by all agreements regarding sentencing contained

8  in this agreement.

9            c.    At the time of sentencing, provided that defendant

10 demonstrates an acceptance of responsibility for the offense up to

11 and including the time of sentencing, recommend a two-level reduction

12 in the applicable Sentencing Guidelines offense level, pursuant to

13 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

14 additional one-level reduction if available under that section.

15                       NATURE OF THE OFFENSE

16      5.   Defendant understands that for defendant to be guilty of

17 the crime charged in the single-count information, that is, Operation

18 of an Unlawful Gambling Business, in violation of Title 18, United

19 States Code, Sections 1955 and 2(a) the following must be true:

20           a.    Defendant conducted a business consisting of unlawful

21 sports gambling;

22           b.    Sports gambling was illegal in the State in which

23 defendant conducted the business, namely, California;

24           c.    The business involved five or more persons who

25 conducted all or part of the business; and

26           d.    The business had been in substantially continuous

27 operation by five or more persons for more than thirty days, or had a

28 gross revenue of $2,000 in any single day.

A defendant may be guilty of Operating an Unlawful Gambling Business, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of Operating an Unlawful Gambling Business by aiding and abetting, the following must be true:

First, someone else committed the offense of Operating an Unlawful Gambling Business;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of Operating an Unlawful Gambling Business;

Third, the defendant acted with the intent to facilitate the Operation of an Unlawful Gambling Business; and

Fourth, the defendant acted before the crime was completed.

<u>PENALTIES</u>

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1955, is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   The Court will also order forfeiture of the property listed in the forfeiture notice in the information pursuant to 18 U.S.C. § 982.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised

release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

1

## FACTUAL BASIS

2      11.   Defendant admits that defendant is, in fact, guilty of the

3   offense to which defendant is agreeing to plead guilty.  Defendant

4   and the USAO agree to the statement of facts provided below and agree

5   that this statement of facts is sufficient to support a plea of

6   guilty to the charge described in this agreement and to establish the

7   Sentencing Guidelines factors set forth in paragraph 13 below but is

8   not meant to be a complete recitation of all facts relevant to the

9   underlying criminal conduct or all facts known to either party that

10  relate to that conduct.

11          Beginning on a date unknown and continuing to on or about

12          February 7, 2020, in Los Angeles County, California, defendant

13          aided and abetted the operation of an unlicensed and illegal

14          bookmaking business that took bets for money on sporting events

15          from various persons.  The business, which operated in violation

16          of California Penal Code Section 337(a) (prohibiting bookmaking

17          within the state of California), involved more than five persons

18          who conducted, financed, managed, supervised, directed, or owned

19          all or part of the business, including W.N., E.K., J.C., D.S.,

20          and M.S.  The business remained in substantially continuous

21          operation by at least five persons for at least six years and

22          often had gross revenue of well over $2,000 on a single day.  At

23          all times during his participation, defendant acted with the

24          intent to facilitate the operation of the illegal bookmaking

25          business.

26

27          Specifically, defendant assisted J.C. in the collection and

28          payout of gambling proceeds from J.C.'s bettors who used the

Sand Island Sports website (www.SandIslandSports.com) to allow California residents and others to place wagers on sporting events over the internet, in violation of California Penal Code Section 337a.

Defendant and others in the Sand Island Sports organization would keep track of the customers' wagering activity and win/loss record. When a customer won a bet, defendant disbursed the winnings to the customer based on the size of the bet and the odds that had been set by Sand Island Sports. When a customer lost, defendant collected the amounts due under the terms of the bet.

Defendant also assisted J.C. by collecting the fees for Sand Island Sports, which was based in Costa Rica. Defendant provided a portion of the fees to J.C. and sent the remaining portion of the monies collected to D.S. and M.S. in Costa Rica via wire transfer or money orders.

<u>SENTENCING FACTORS</u>

12. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will

be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:              12      [U.S.S.G. § 2E3.1(a)(2)]

Minor Role:                      -2       [U.S.S.G. § 3B1.2(b)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

14.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.   Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.   The right to persist in a plea of not guilty.

    b.   The right to a speedy and public trial by jury.

    c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

17.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.   Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of eight and the criminal history category calculated by the

Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, with the exception of the Court's calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court, except to the extent it depends on the Court's calculation of defendant's criminal history category; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statute of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

20.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of eight and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

21.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

22.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

23.   Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea

1   pursuant to this agreement, defendant will not be able to withdraw

2   the guilty plea, and (b) the USAO will be relieved of all its

3   obligations under this agreement.

4             COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

5                            OFFICE NOT PARTIES

6        24.   Defendant understands that the Court and the United States

7   Probation and Pretrial Services Office are not parties to this

8   agreement and need not accept any of the USAO's sentencing

9   recommendations or the parties' agreements to facts or sentencing

10  factors.

11       25.   Defendant understands that both defendant and the USAO are

12  free to: (a) supplement the facts by supplying relevant information

13  to the United States Probation and Pretrial Services Office and the

14  Court, (b) correct any and all factual misstatements relating to the

15  Court's Sentencing Guidelines calculations and determination of

16  sentence, and (c) argue on appeal and collateral review that the

17  Court's Sentencing Guidelines calculations and the sentence it

18  chooses to impose are not error, although each party agrees to

19  maintain its view that the calculations in paragraph 13 are

20  consistent with the facts of this case.  While this paragraph permits

21  both the USAO and defendant to submit full and complete factual

22  information to the United States Probation and Pretrial Services

23  Office and the Court, even if that factual information may be viewed

24  as inconsistent with the facts agreed to in this agreement, this

25  paragraph does not affect defendant's and the USAO's obligations not

26  to contest the facts agreed to in this agreement.

27       26.   Defendant understands that even if the Court ignores any

28  sentencing recommendation, finds facts or reaches conclusions

                                     13

different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

1    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        28.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKISON
     United States Attorney
9

10      /s/ Jeff Mitchell                          3/4/2022
     _____      _____
11   JEFF MITCHELL                         Date
     Assistant United States Attorney
12   Howard Miller                         2-18-2022
     _____      _____
13   HOWARD MILLER                         Date
     Defendant
14      /s/ Kate L. Morris                         2/18/2022
     _____      _____
15   KATE MORRIS                           Date
     Attorney for Defendant
16   Howard Miller

17   //

18   //

19   //

20

21

22

23

24

25

26

27

28

                                15

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

Howard Miller                    2-18-2022

HOWARD MILLER                     Date
Defendant

//

//

//

16

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Howard Miller's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

/s/ Kate L. Morris                              2/18/2022
KATE MORRIS                                     Date
Attorney for Defendant
Howard Miller

1

**CERTIFICATE OF SERVICE**

2

3      I, **Simonia White**, declare:

4      That I am a citizen of the United States and a resident of or

5  employed in Los Angeles County, California; that my business address is

6  the Office of United States Attorney, 312 North Spring Street, Los

7  Angeles, California 90012; that I am over the age of 18; and that I am

8  not a party to the above-titled action;

9      That I am employed by the United States Attorney for the Central

10  District of California, who is a member of the Bar of the United States

11  District Court for the Central District of California, at whose

12  direction I served a copy of:

13

14      **PLEA AGREEMENT FOR DEFENDANT FOR DEFENDANT HOWARD MILLER**

15  ☐ Placed in a closed envelope          ☒ Placed in a sealed envelope
       for collection and inter-office          for collection and mailing via
16     delivery, addressed as follows:          United States mail, addressed
                                                as follows:
17

18                          **Kate Morris, Esq.**
                            **321 E 2nd Street**
19                          **Los Angeles, CA 90012**

20  This Certificate is executed on **March 10, 2022**, at Los Angeles,

21  California.  I certify under penalty of perjury that the foregoing is

22  true and correct.

23                          *Simonia White*
                            _____
24                          Simonia White
                            Legal Assistant
25

26

27

28