E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN (Cal Bar No. 190414)
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
  1100 United States Courthouse
  312 North Spring Street
  Los Angeles, CA 90012
  Telephone: (213) 894-2727
  Facsimile: (213) 894-6269
  E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:22-cr-00079-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S APPLICATION FOR PRELIMINARY ORDER OF FORFEITURE PURSUANT TO PLEA AGREEMENT |
| v. | |
| HOWARD MILLER, | No hearing requested |
| Defendant. | |

Plaintiff United States of America hereby applies for issuance of a Preliminary Order of Forfeiture pursuant to Rule 32.2(b) of the Fed. R. Crim. P. and the Plea Agreement (ECF No. 6) filed in this case for defendant Howard Miller ("defendant"), as to the property that defendant has agreed to forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of the illegal activity to which defendant plead guilty, specifically including, but not limited to,

the following:

    i.   $34,430.00[1] in United States currency seized from defendant's residence on or about February 7, 2020 (collectively, the "Forfeitable Property").

This application, which deals solely with the specific property as to which forfeiture is sought (as described in detail above) is supported by defendant's guilty plea, the factual basis stated during defendant's change of plea proceeding, and the matters set forth in the accompanying Memorandum of Points and Authorities.

DATED: September 5, 2024    Respectfully submitted,

    E. MARTIN ESTRADA
    United States Attorney
    MACK E. JENKINS
    Assistant United States Attorney
    Chief, Criminal Division

    /s/
    JONATHAN GALATZAN
    Assistant United States Attorney
    Chief, Asset Forfeiture and Recovery Section

    Attorneys for Plaintiff
    UNITED STATES OF AMERICA

---

[1] The amount listed in the Plea Agreement reads $34,400.00 to be forfeited.  Department of Homeland Security advised that actual amount in custody is $34,430.00 in U.S. currency.

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On May 4, 2022, defendant Howard Miller ("defendant") pled guilty to Count One of the single-count Information, which charged defendant with Operating an Illegal Gambling Business, in violation of 18 U.S.C. §§ 1955 and 2(a).

In paragraph 3-a of the plea agreement, defendant agreed to forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of the illegal activity to which defendant plead guilty ("Forfeitable Property").

Pursuant to Rule 32.2(b), the government now applies for entry of a Preliminary Order of Forfeiture of the Forfeitable Property (the proposed order is lodged contemporaneously herewith).  The government also requests that the forfeiture of the Forfeitable Property be stated orally at defendant's sentencing and set forth in defendant's Judgment and Commitment Order.

**II.  ARGUMENT**

   **A.   The Nexus Between Defendant's Crime and the Specific Property to be Forfeited Has Been Established by the Plea Agreement**

Rule 32.2 of the Federal Rules of Criminal Procedure provides, in pertinent part:

As soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court must determine whether the government has established the requisite nexus between the property and the offense. . . . The court's determination may be based on . . . any written

3

plea agreement . . . .Fed. R. Crim. P. 32.2(b)(1).  The Advisory Committee Notes for this provision explain that for the preliminary order of forfeiture, the court must determine "if the property was subject to forfeiture under the applicable statute, e.g., whether the property . . . result of the illegal activity . . . ."  Advisory Committee Notes to Rule 32.2, subdivision (b) (2000 Adoption).  The standard of proof regarding the forfeitability of property in a criminal case is preponderance of the evidence.  See United States v. Najjar, 300 F.3d 466, 485-86 (4th Cir. 2002); United States v. Shryock, 342 F.3d 948, 991 (9th Cir. 2003) (following Najjar); United States v. DeFries, 129 F.3d 1293, 1312 (D.C. Cir. 1997); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting language in 21 U.S.C. § 853); United States v. Bieri, 21 F.3d 819 (8th Cir. 1994)(§ 853).

Thus, the only question before the Court in connection with the requested entry of the proposed Preliminary Order is whether the evidence before the Court is enough to establish by a preponderance of the evidence that there is a nexus between the specific property to be forfeited, and the offense to which defendant pled guilty.  See Rule 32.2(b)(1).

The existence or extent of third-party interests in the specific property will be determined after the entry of the preliminary order.  See United States v. Lazarenko, 476 F.3d 642, 648 (9th Cir. 2007) ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a third party's interests in the property.").  The preliminary order should be

entered promptly in order to avoid unnecessary delay in the forfeiture process and resolve potential third-party rights. United States v. Yeje-Cabrera, 430 F.3d 1, 15 (1st Cir. 2005). The defendant need not be present when the preliminary order is entered. United States v. Segal, 495 F.3d 826, 837-38 (7th Cir. 2007).

The government is not required to establish the defendant's ownership of the property either to seize it or to obtain a preliminary order of forfeiture, and third parties are prohibited from intervening in the criminal case, and cannot complain that they have to wait for the ancillary proceeding to assert their rights. Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006); 18 U.S.C. § 1963(i). As explained in the Advisory Committee Notes to Rule 32.2 (2000), the Rule was revised with the intent to eliminate confusion over whether the extent of the defendant's ownership interest should be determined by the finder of fact. The new rule clarified that the only question upon conviction or a guilty plea is whether there is a nexus between the violation of which the defendant has been convicted (or to which he has pled) and the property sought - if there is, the court should enter an order forfeiting "whatever interest a defendant may have in the property without having to determine exactly what that interest is."[2] A defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not

---

[2] Criminal forfeiture is part of the defendant's sentence, so it is available only if the defendant is convicted of the underlying substantive offense. Lazarenko, supra. If the defendant is convicted, his interest in the property must be forfeited regardless of what that interest is, so it is not necessary to determine the extent of the interest. The only issues left to be determined concerning ownership are those of non-defendant third parties, whose interests are determined in the ancillary process. Only after that process is complete does the government obtain a Final Order of Forfeiture.

belong to him. United States v. Schlesinger, 396 F. Supp. 2d 267, 273 (E.D.N.Y. 2005).

Here, all the proof that is necessary is contained in the defendant's written plea agreement.[3] Defendant pled guilty to a single-count Information, and admitted in paragraph 3.a of the plea agreement that the Forfeitable Property was "derived from or acquired as a result of the illegal activity to which defendant is pleading guilty," namely, operating illegal gambling business. The defendant's admission more than meets the preponderance standard required. Therefore, the requirements of Rule 32.2(b) have been met and the proposed Preliminary Order should be entered.

### B. The Mechanics of the Criminal Forfeiture

The Preliminary Order of Forfeiture becomes final as to the defendant at the time of sentencing (or before sentencing if defendant consents). See Rule 32.2(b)(4)(A). After entry of the preliminary order, the second phase of the forfeiture proceedings may begin, to determine whether any third-party rights may exist in the specific property to be forfeited. Fed. R. Crim. P. 32.2(c)(1).

Accordingly, the government respectfully requests that the Court enter the proposed Preliminary Order of Forfeiture lodged contemporaneously herewith, authorizing the government to seize the property subject to forfeiture (to the extent it has not already done so) and to commence proceedings governing third-party rights. Fed. R. Crim. P. 32.2(b)(3). The government

---

[3] The defendant's admissions are more than sufficient to establish forfeitability, but the Court is not required to find a factual basis for the defendant's agreement to criminal forfeiture. See United States v. Ken Int'l Co., Ltd., 113 F.3d 1243, 1997 WL 229114, at *3 (9th Cir. 1997).

will publish notice generally.  Following such notification and completion of any necessary ancillary proceedings, the government will submit, as appropriate, a final order of forfeiture pursuant to Fed. R. Crim. P. 32.2(c).

### III. FORFEITURE MUST BE PRONOUNCED AT SENTENCING

At sentencing, pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure, the "order of forfeiture becomes final as to the defendant" and the "court must also include the forfeiture order, directly or by reference, in the judgment."

The Court must pronounce the forfeiture conditions orally as part of the sentence imposed on the defendant, and must include the forfeiture in the judgment and commitment order.  See United States v. Gaviria, 116 F.3d 1498, 1530 (D.C. Cir. 1997) (forfeiture portion of the defendant's sentence must be announced in his presence pursuant to Fed. R. Crim. P. 43(a)).  The government recommends the following language be read to the defendant and modified as necessary for inclusion in the judgment and commitment order at the time of their sentencing:

> Pursuant to 18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c), defendant HOWARD MILLER has forfeited all of his right, title, and interest in the specific property more particularly described in the Preliminary Order of Forfeiture entered on [date].

//
//

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court forthwith enter the proposed Preliminary Order of Forfeiture lodged herewith.

DATED: September 5, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


            /s/
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA